# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF GEORGIA
# COLUMBUS DIVISION

| | | |
|---|---|---|
| DANIEL McCRARY, | * | |
| Plaintiff, | * | |
| v. | * | CASE NO. 4:07-CV-131 (CDL) |
| | | 42 U.S.C. § 1983 |
| OLAKUNLE AINA, *et al.*, | * | |
| Defendants. | * | |

## REPORT AND RECOMMENDATION

Before the court is the Defendants' Motion to Dismiss Plaintiff's action. (R-22). The Plaintiff was notified of his right to respond, but failed to do so within the time allotted.

## LEGAL STANDARDS FOR MOTION TO DISMISS

The standard for a Motion to Dismiss was altered by the United State Supreme Court case of *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955 (2007). The decision in *Bell Atlantic* overturned the fifty year old test of "no set of facts" established in *Conley v. Gibson*, 127 S.Ct. 1969 (1957); in so holding, the Supreme Court characterized that test as an "observation [that] has earned its retirement." *Bell Atlantic*, 127 S.Ct. at 1969. The Court of Appeals for the Eleventh Circuit addressed the new standard in *Financial Sec. Assur., Inc. V. Stephens, Inc.*, stating:

> In order for a plaintiff to satisfy his "obligation to provide the grounds of entitlement to relief," he must allege more than "labels and conclusions"; his complaint must include "[f]actual allegations [adequate] to raise a right to relief above the speculative level." *Bell Atlantic Corp. V. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (May 21, 2007) (citations and

> quotations omitted). Stated differently, the factual allegations in a complaint must "possess enough heft" to set forth "a plausible entitlement to relief," 127 S.Ct. at 1966-67. Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of the claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir., Unit A Sept. 8, 1981).

500 F.3d 1276, 1282-83 (11th Cir. 2007). In ruling on a motion to dismiss for failure to state a claim, the analysis "is limited primarily to the face of the complaint and attachments thereto." *Brooks v. Blue Cross & Blue Shield of Fla., Inc.,* 116 F.3d 1364, 1368 (11th Cir. 1997). The Court must "constru[e] the complaint in the light most favorable to the plaintiff and accept [] as true all facts which the plaintiff alleges." *Day v. Taylor*, 400 F.3d 1272, 1275 (11th Cir. 2005). Nevertheless, if a complaint does not include sufficient factual allegations "to raise a right of relief above the speculative level" and "to raise a reasonable expectation that discovery will reveal evidence of" the plaintiff's claim or claims, then the complaint must be dismissed. *Watts v. Fla. Int'l Univ,* 495 F.3d 1289, 1295-96 (11th Cir. 2007); citing *Bell Atlantic Corp.*, 127 S.Ct. at 1965.

## **DISCUSSION**

In his complaint, Plaintiff states that he is filing three claims "of constitutional deprivation of Plaintiff's 8th and 14th Amendment Constitutional rights." (R-1, p. 4). Plaintiff simply states that he is filing claims for: 1) deliberate indifference; 2) liability; and

3) medical malpractice. *Id*. Plaintiff seeks compensatory damages in the amount of $300,000 per defendant, punitive damages in the amount of 2.7 million dollars, and court costs. *Id*.

**Failure to State a Claim**

The new standard for a Motion to Dismiss requires plaintiffs to plead certain facts in their complaints. As stated above, the Court of Appeals for the Eleventh Circuit addressed the new standard in *Financial Sec. Assur., Inc. V. Stephens, Inc.,* 500 F.3d 1276, 1282-83 (11th Cir. 2007). The Eleventh Circuit specifically found that "for a plaintiff to satisfy his 'obligation to provide the grounds of entitlement to relief,' he must allege more than 'labels and conclusions'; his complaint must include '[f]actual allegations [adequate] to raise a right to relief above the speculative level.'" *Id*. citing *Bell Atlantic Corp. V. Twombly*, 127 S.Ct. 1955, 1964-65, 167 L.Ed. 2d 929 (May 21, 2007) (citations and quotations omitted). Continuing, the Eleventh Circuit held:

> Moreover, "while notice pleading may not require that the pleader allege a 'specific fact' to cover every element or allege 'with precision' each element of the claim, it is still necessary that a complaint 'contain either direct or inferential allegations respecting all the material elements necessary to sustain a recovery under some viable legal theory.'" *Roe v. Aware Woman Ctr. For Choice, Inc.*, 253 F.3d 678, 683 (11th Cir. 2001) (quoting *In re Plywood Antitrust Litig.*, 655 F.2d 627, 641 (5th Cir., Unit A Sept. 8, 1981).

In the case at issue, Plaintiff has provided <u>no facts</u>, only bare assertions of violations of his constitutional rights. (*See* R-2). Plaintiff provided neither a date of injury or denial of rights, nor an allegation of physical injury or of a serious medical need. The Court has construed

3

the complaint in the light most favorable to the plaintiff and accepted as true all facts which the plaintiff alleges, as required by *Day v. Taylor*, 400 F.3d at 1275. However, Plaintiff has failed to allege any facts to support his allegations. Furthermore, Plaintiff neither attempted to amend his complaint to allege any facts nor did he respond to Defendants' Motion to Dismiss. Thus, Plaintiff has failed to meet his burden.

## State Law Claims

Plaintiff's medical malpractice claim is clearly a state law claim brought in federal court along with his claims of civil rights violations, those being claims which the court has original jurisdiction pursuant to 28 U.S.C. § 1331. However, 28 U.S.C. § 1367(a) provides that "in any civil action of which the district courts have original jurisdiction, the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy."

In this case, it has been recommended that the § 1983 claims against the defendants be dismissed for Plaintiff's failure to state a claim upon which relief may be granted. Should the district court dismiss Plaintiff's federal claims against the defendants, the district court must decide whether it will continue to exercise supplemental jurisdiction over Plaintiff's state-law claim. *See* 28 U.S.C. § 1367(c)(3) (authorizing a district court to decline adjudication of lingering state-law claims after it has dismissed "all claims over which it has original jurisdiction"). "In deciding whether or not to retain jurisdiction on such an occasion, the trial court must take into account concerns of comity, judicial economy, convenience, and

fairness." *Roche v. John Hancock Mut. Life Ins. Co.*, 81 F.3d 249, 257 (1st Cir.1996). Of aid in this decision is the Supreme Court's admonition that "if the federal claims are dismissed before trial, even though not insubstantial in a jurisdictional sense, the state claims should be dismissed as well." *United Mine Workers v. Gibbs*, 383 U.S. 715, 726, 86 S.Ct. 1130, 1139, 16 L.Ed.2d 218 (1966) (footnotes omitted) (emphasis added) (superseded by statute).

As dismissal has been recommended as to the § 1983 claims over which the district court had original jurisdiction, the undersigned similarly recommends that the district court decline to exercise its supplemental jurisdiction because what remains is a claim based solely upon Georgia law. 28 U.S.C.A. § 1367(c). Moreover, as dismissal of the federal claims has been recommended before any discovery requests have been filed and as Plaintiff is proceeding without the payment of any court costs, it is neither unfair nor inconvenient to the parties to require Plaintiff to pursue his claims in state court. *See Hardy v. Birmingham Bd. of Education*, 954 F.2d 1546, 1553 (11th Cir.1992). *See also* 28 U.S.C. § 1367(d) ("The period of limitations for any claim asserted under subsection (a), ... shall be tolled while the claim is pending and for a period of 30 days after it is dismissed unless State law provides for a longer tolling period."). Finally, considerations of judicial economy militate against the district court's maintaining jurisdiction. Therefore, it is recommended that Plaintiff's state law claims also be **DISMISSED**.

WHEREFORE, IT IS HEREBY **RECOMMENDED** that Defendants' Motion to Dismiss be GRANTED and Plaintiff's action should be dismissed without prejudice for

failure to state a claim upon which relief may be granted. Pursuant to 28 U.S.C. § 636(b)(1), Plaintiff may file objections to this Recommendation in writing with the UNITED STATES DISTRICT JUDGE within TEN (10) DAYS after being served with a copy hereof.

SO RECOMMENDED this 17th day of March, 2008.

                                              S/ G. MALLON FAIRCLOTH
                                              UNITED STATES MAGISTRATE JUDGE

mZc